IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 1:07-cr-00011-MP-AK

CARLOS A. CORREA ,

    Defendant.
_____/

**O R D E R**

    This matter is before the Court on Doc. 88, Motion to Dismiss Indictment Based upon Perjury, filed by Defendant Carlos Correa. In the motion, Defendant alleges the search warrant in this case was issued based on the affiant's allegedly false statement that he detected the odor of marijuana emanating from Defendant's residence. Because the indictment is based on this allegedly perjured testimony, Defendant contends that due process requires the dismissal of the indictment. The Government has filed a response in opposition to Defendant's motion, Doc. 96, stating that sworn affidavits in support of a search warrant are afforded a presumption of validity, and that Defendant has failed to overcome this presumption, or to make a showing entitling him to an evidentiary hearing on this matter.

    Under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978), an affidavit supporting the search warrant is presumed valid, and a defendant must make a substantial preliminary showing that the affidavit contains deliberate falsehood or reckless disregard for the truth to be entitled to an evidentiary hearing on the issue. Conclusory allegations alone are insufficient, and a defendant must offer of proof of any alleged falsehoods. "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." Id. at 171, 2685. In the instant case, the Government argues that because Defendant has made no

offer of proof other than his own allegations, he has not made the requisite showing to be entitled to an evidentiary hearing.  After reviewing the matter, the Court agrees with the Government.  Defendant has not made a substantial preliminary showing of any alleged falsehoods, and therefore has not met his burden to overcome the presumption of correctness attached to the affidavit.  Accordingly, Defendant's Motion to Dismiss is denied.

**DONE AND ORDERED** this   *17th* day of July, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge