IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                            Case Nos.:   1:07cr11/RH/GRJ
                                                            1:12cv61/RH/GRJ

CARLOS A. CORREA

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (Doc. 394.)  The Government has filed a response (Doc. 403) and Defendant filed a reply. (Doc. 407.)  After a careful review of the record and the arguments presented the Court concludes that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND

Carlos A. Correa, Justin Renteria, Alejandro Valdez, Christina Renteria and Sarah Sumner were charged with conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute more than 1000 marijuana plants ("Count One").  Carlos Correa, Justin Renteria and Christina Renteria were charged in a second count with conspiracy to conduct financial transactions involving the proceeds of the unlawful activity charged in Count One ("Count Two").  The indictment also contained a forfeiture provision. (Doc. 1.)

The charges in this case stemmed from the defendants' involvement in an alleged conspiracy to grow marijuana inside two residences in Ocala and Land O'Lakes Florida, and their participation in financial transactions involving the proceeds of the unlawful operation.[1]

Represented by retained counsel Michael Garcia Petit, Defendant Correa filed numerous pre-trial motions, including a motion to suppress evidence. (Doc. 80.) Defendants Justin Renteria and Sarah Sumner also filed motions to suppress. (*see* Docs. 74, 85, 118.)  The motions were denied after a three part evidentiary hearing. (Doc. 218.)

After a seven day trial, the jury convicted Correa and Justin Renteria as charged. (Docs. 289, 291.)[2]  Correa moved for a judgment of acquittal, which motion was joined by Justin Renteria. (Docs 305, 306.)   The court denied the motions. (Doc. 308.)

The Presentence Investigation Report ("PSR") was disclosed to the defense on July 11, 2008. (Doc. 314.)[3]  After the resolution of numerous objections at sentencing, Defendant was held accountable for 118.3 kilograms of marijuana, which corresponded to a base offense level of 26.  He received a two-level upward adjustment due to his conviction under 18 U.S.C. § 1956, and a two-level upward adjustment for obstruction

---

[1] A more detailed statement of facts is set forth in the PSR and in the Eleventh Circuit's opinion on appeal. (Doc. 390.)

[2] Christina Renteria and Alejandro Valdes were acquitted, and the charges against Sarah Sumner were dismissed. (Docs. 276, 277, 293, 295.)

[3] Due to the age of the criminal case, the final PSR is not part of the electronic record.

of justice. (Doc. 358 at 109.)  His total offense level was 30, and with a criminal history category of I, the applicable guidelines range was 97 to 121 months.  The statutory minimum term of imprisonment for Count One became the guideline sentence.  The court sentenced Defendant to a term of 120 months imprisonment.

Defendant appealed, challenging the denial of his motion to suppress, the denial of relief under the safety valve, and the denial of his request to remove a petit juror who spoke to a witness for the Government. (Doc. 390.)  The Eleventh Circuit found no error and affirmed Defendant's convictions and sentences. (Doc. 390.)

In the present motion, represented by the attorney who represented co-defendant Justin Renteria at sentencing, Defendant raises three claims of ineffective assistance of counsel. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### *General Legal Standards*

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of

justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn,

365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  Strickland, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 694.  For the court to focus merely on "outcome

determination," however, is insufficient; "[t]o set aside a conviction or sentence solely

because the outcome would have been different but for counsel's error may grant the

defendant a windfall to which the law does not entitle him." <u>Lockhart v. Fretwell</u>, 506

U.S. 364, 369–70 (1993); <u>Allen v. Sec'y, Fla. Dep't of Corr.</u>, 611 F.3d 740, 754 (11th

Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious

as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart</u>, 506

U.S. at 369 (quoting <u>Strickland</u>, 466 U.S. at 687).  Or in the case of alleged sentencing

errors, a defendant must demonstrate that there is a reasonable probability that, but for

counsel's errors, the result of the proceeding would have been less harsh due to a

reduction in the defendant's offense level. <u>Glover v. United States</u>, 531 U.S. 198,

203–04 (2001).  A significant increase in sentence is not required to establish prejudice,

as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for

his contentions regarding counsel's performance. <u>Smith v. White</u>, 815 F.2d 1401,

1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are

insufficient to satisfy the <u>Strickland</u> test. *See* <u>Garcia v. United States</u>, 456 F. App'x 804,

807 (11th Cir. 2012) (citing <u>Yeck v. Goodwin</u>, 985 F.2d 538, 542 (11th Cir. 1993)).

Finally, the Eleventh Circuit has recognized that given the principles and

presumptions set forth above, "the cases in which habeas petitioners can properly

prevail . . . are few and far between." <u>Chandler</u>, 218 F.3d at 1313.  This is because the

test is not what the best lawyers would have done or even what most good lawyers

would have done, but rather whether some reasonable lawyer could have acted in the

circumstances as defense counsel acted.  Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"  Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."  United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir.

2004); <u>Tejada</u>, 941 F.2d at 1559; <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  <u>Lynn</u>, 365 F.3d at 1239.

### *Ground One*

Defendant first contends that trial counsel was ineffective for advising him that he could not appeal the denial of his motion to suppress unless he proceeded to a jury trial. He asserts that counsel was unaware that the U.S. Attorney for the Northern District of Florida does not require that a defendant waive his right to appeal pre-trial motions in order to enter a plea agreement with the Government and accept responsibility.  As a result Defendant says he proceeded to trial and received a "much more severe sentence."

The question of why Defendant chose to proceed to trial was one of the focal points of the sentencing hearing.  Defendant said that he "did not want to lose his appeal," and counsel explained his belief that there were "no offers" forthcoming from the Government, including an offer of a conditional plea of guilty, which would allow Defendant to reserve the right to appeal the denial of the motion to suppress. (Doc. 358 at 11, 26–27, 49–50.)  Counsel, admitted, however, that he also had contested both liability and the number of plants through his questioning of witnesses at trial, and that prior to the jury verdict his client had admitted neither his guilt nor the number of plants involved in the conspiracy. (*id*. at 53.)  Thus, despite Defendant's assertion in his § 2255 motion, there was more to the defense's decision to proceed to trial than simply the preservation of Defendant's right to appeal the motion to suppress.

In any event, Defendant cannot show prejudice.  The court sentenced him to the statutory mandatory minimum term of imprisonment.  Even if he had pleaded guilty resulting in a more favorable guidelines calculation it would not have made any difference. The Defendant was not eligible for the benefit of the safety valve and thus was still subject to the mandatory minimum sentence. As such, Defendant has not shown that counsel was constitutionally ineffective under Strickland, and he is not entitled to relief on this claim.

### *Ground Two*

Defendant next contends that counsel was constitutionally ineffective because he did not explain that Defendant could not receive the benefit of the "safety valve" if he proceeded to trial.  Defendant asserts that he was prepared to accept responsibility for his actions and provide a detailed account to law enforcement with regard to his actions in the conspiracy, and he faults counsel for failing to explain that the safety valve would not apply to his case if he contested his guilt at trial.

Defendant's understanding is mistaken that it was his decision to assert his right to a trial  that resulted in his inability to benefit from the safety valve.  Even after Defendant had proceeded to trial, the question of whether he qualified for the safety valve was an issue at sentencing.  The court specifically noted that Defendant's eligibility for the safety valve would depend upon whether he received a leadership role enhancement and whether he had fully debriefed. (Doc. 358 at 78.)  The Court found that despite the fact that the Government had failed to prove beyond a reasonable doubt that Ms. Renteria was a participant in the conspiracy, its proof was sufficient to

establish her participation by the greater weight of the evidence. Therefore, the court

concluded that Defendant did not qualify for the safety valve because he had not fully

debriefed on the issue of the role in the conspiracy of the alleged co-conspirator

Christina Renteria. (*id*. at 84–85.) Consequently, it was Defendant's actions in failing to

fully debrief – and not his decision to go to trial – that resulted in Defendant's ineligibility

for the safety valve. Defendant, therefore, has not shown that counsel was

constitutionally ineffective, and he is not entitled to relief.

### *Ground Three*

Defendant contends that trial counsel was ineffective for not challenging the

constitutionality of § 893.13, Florida Statutes, noting that a sister court in the Middle

District of Florida had found this statute was unconstitutional on its face. Defendant has

failed to show deficient performance or prejudice, as this state statute has no relevance

to Defendant's prosecution under federal law in this case. The law is well established

that counsel is not ineffective for failing to preserve or argue a meritless claim.

Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also*

Sneed v. Florida Dep't of Corrections, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to

preserve meritless Batson claim not ineffective assistance of counsel);   Brownlee v.

Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to

raise issues clearly lacking in merit); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir.

2000) (counsel not ineffective for failing to make meritless motion for change of venue);

United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance

of counsel for failing to preserve or argue meritless issue).  Relief is not warranted on this claim.

## CONCLUSION

For all of the foregoing reasons, the Court concludes that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Accordingly, Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (Doc. 394) should be **DENIED**.

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 31st day of July, 2014.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**