# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASES NO.  1:07cr11-RH/GRJ
  1:12cv61-RH/GRJ

CARLOS A. CORREA,

     Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Carlos A. Correa has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 412.  No objections have been filed.  This order accepts the report and recommendation and denies the § 2255 motion.

A jury convicted Mr. Correa of two offenses: a marijuana conspiracy involving 1,000 plants or more and money laundering.  The minimum mandatory sentence on the marijuana charge was 120 months.  Mr. Correa was sentenced to concurrent terms of 120 months for each offense.

Mr. Correa asserts three claims of ineffective assistance of counsel. This order addresses the first two and adopts without further comment the report and recommendation's correct analysis of the third.

Mr. Correa says his attorney did not tell him that going to trial would disqualify him from the "safety valve" exception to the minimum mandatory sentence. *See* 18 U.S.C. § 3553(f). Mr. Correa says that had he known this, he would have pleaded guilty. This claim fails because the attorney's advice on this subject, if given as Mr. Correa claims, was correct. Going to trial did not disqualify Mr. Correa from the safety valve. Indeed, Mr. Correa argued for the safety valve at the sentencing hearing and lost on the merits, not because he went to trial.

Mr. Correa says that after he lost a motion to suppress, the attorney said the only way to appeal the ruling was to go to trial—that a guilty plea would forfeit the right to appeal. This was probably wrong. A defendant may enter a conditional plea that preserves the right to appeal a suppression ruling only if the government's consents. But in this district the government often consents; there is no reason to believe it would not have consented here. Mr. Correa says that had he know this, he would have pleaded guilty.

That Mr. Correa went to trial and contested his guilt does not defeat this claim. Having decided to go to trial, it is hardly surprising that Mr. Correa tried to

win. The issue is not whether Mr. Correa contested his guilt at trial, but whether, had he been accurately advised, he would have chosen to plead guilty. Under the circumstances, Mr. Correa's assertion that he would have made that choice seems unlikely, but I assume, for purposes of this order, that Mr. Correa would indeed have chosen to plead guilty.

Even so, Mr. Correa is not entitled to relief. An ineffective-assistance claim can succeed only on a showing of prejudice. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Going to trial instead of pleading guilty constitutes prejudice only if it made a difference—in these circumstances, only if it affected the sentence. Mr. Correa suffered no prejudice from going to trial because, either way, his sentence would have been 120 months—the minimum mandatory.

In arguing the contrary, Mr. Correa says that had he been properly advised, he would have pleaded guilty and qualified for the safety-valve exception to the minimum mandatory sentence. But a defendant qualifies under the safety valve only if the defendant meets five specific conditions. One is that the defendant has fully debriefed, that is, that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5).

After Mr. Correa was convicted, he sought safety-valve treatment. Mr. Correa met with government agents and provided information. At the sentencing hearing, Mr. Correa argued that he fully debriefed. But Mr. Correa minimized his involvement and continued to maintain that codefendant Christina Renteria was wholly innocent—that she did not participate in the conspiracy. The jury had acquitted Ms. Renteria, finding the evidence insufficient to establish her guilt beyond a reasonable doubt. But I found, based on the greater weight of the evidence, that Ms. Renteria knowingly participated in the conspiracy, that Mr. Correa knew it, that he failed to provide this information to the government, and that he minimized his involvement in various other respects. *See* ECF No. 358 at 84-85.

In short, Mr. Correa did not fully debrief at or before the sentencing hearing and still has not done so. He was not and is not entitled to safety-valve treatment. His sentence would have been 120 months had he pleaded guilty, just as the sentence was 120 months after going to trial. If the attorney advised Mr. Correa that he could not plead guilty and appeal the suppression ruling, that probably was ineffective, but Mr. Correa suffered no prejudice.

Mr. Correa's § 2255 motion must be denied.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not

Case 1:07-cr-00011-MP-GRJ   Document 416   Filed 10/13/14   Page 6 of 6

Page 6 of 6

entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith.  I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.  Accordingly,

    IT IS ORDERED:

    1. The report and recommendation, ECF No. 412, is accepted.

    2. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

    3. A certificate of appealability is DENIED.

    SO ORDERED on October 13, 2014.

                                      s/Robert L. Hinkle  
                                      United States District Judge